IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0157** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **KWAME DWUMAAH** | : | |

### MEMORANDUM

Presently before the court is defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Defendant asserts multiple theories in support of his motion to vacate. Specifically, defendant argues that: (1) he received ineffective assistance of counsel in violation of his Sixth Amendment rights, (2) the court did not advise him of all of the consequences of a guilty plea in violation of his due process rights, and (3) a number of non-jurisdictional defects surrounded his guilty plea and sentencing proceedings. (See Docs. 84, 91.)  Because the record contradicts these claims, the court will deny defendant's motion.

### I.   Procedural History

On April 27, 2005, defendant was indicted by a federal grand jury on fifteen counts of mail fraud under 18 U.S.C. § 1343 and thirteen counts of higher education resources fraud under 20 U.S.C. § 1097(a). (Doc. 1.)  On August 30, 2005, pursuant to a written plea agreement, defendant entered a plea of guilty to a misdemeanor information charge of theft of public monies under 18 U.S.C. § 641. (See Docs. 33,

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

37.) Defendant was sentenced to five months imprisonment followed by one year of supervised release on January 19, 2006, and judgment was entered. (Docs. 43, 59.)

Defendant appealed his sentence to the United States Court of Appeals for the Third Circuit on January 26, 2006. (See Doc. 45.) On May 31, 2006, the Third Circuit affirmed defendant's sentence and dismissed without prejudice his ineffective assistance of counsel claims. (Doc. 60.) On September 18, 2006, defendant filed a motion for a writ of error coram nobis under 28 U.S.C. § 1651 (Doc. 71), which this court denied without prejudice to defendant's right to file a motion under 22 U.S.C. § 2255. (See Doc. 79.) Defendant filed the instant motion to vacate his sentence (Doc. 84) under § 2255 on February 26, 2007. The motion has been fully briefed and is ripe for disposition.

## II.     Discussion

As a threshold matter, the court must decide whether defendant's § 2255 motion (Doc. 84) is moot. The court recognizes that defendant's supervised release term expired on June 19, 2007 (see Doc. 92); therefore, defendant is no longer "in custody" as defined by § 2255. See 28 U.S.C. § 2255; United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (writing that for purposes of § 2255, a petitioner is "in custody" if the petitioner is incarcerated or is serving a period of supervised release). This court has held that a defendant's motion to vacate a sentence under § 2255 is moot where the defendant is neither in custody nor under supervision at the time a § 2255 motion is filed. See United States v. Griffith, No. Crim. 3-CR-040004, 2005 WL 2648340, at *3-4 (M.D. Pa. Oct. 17, 2005); see also United States v.

Stuler, No. Crim. 01-35, 2006 WL 1425693, at *2 (W.D. Pa. May 18, 2006) (same). However, the matter *sub judice* involves a different factual situation than the Griffith and Stuler decisions because defendant's term of supervised release ended subsequent to his filing the instant § 2255 motion.

Having determined that the Griffith and Stuler are inapposite, the court will apply the principle enunciated by the Third Circuit in Defoy v. McCullough, 393 F.3d 439 (3d Cir. 2005), which stated that "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Id. at 441 (citing Lane v. Williams, 455 U.S. 624, 631 (1982)).[2] In Defoy, the Third Circuit also recognized an exception to the general mootness rule, referred to as the collateral consequences doctrine, which "applies where a former prisoner can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." Id. at 442 n.3; see also United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (holding that a defendant's motion to vacate his conviction under § 2255 was not rendered moot when he was released from custody because he faced potential deportation as a

---

[2] The court notes that Defoy dealt with a habeas corpus petition filed pursuant to 28 U.S.C. § 2254; however, the "in custody" requirements under § 2254 are identical to those under § 2255. Stuler, 2006 WL 1425693, at *2 n.1 (citing United States v. Washington, 341 F.2d 277, 280 (3d Cir. 1965)); see also Davis v. United States, 417 U.S. 333, 344 (1974) ("[T]here can be no doubt that the grounds for relief under [§] 2255 are equivalent to those encompassed by [§] 2254 . . . [§] 2255 was intended to mirror [§] 2254 in operative effect."). In addition, this court has previously applied the mootness principles set forth in Defoy to a § 2255 motion. See Griffith, 2005 WL 2648340, at *3-4.

3

collateral consequence of the conviction). In the instant case, defendant does not specifically mention the collateral consequences doctrine, but alleges that he is involved in both an immigration proceeding and a disciplinary action regarding his occupational license. (See Doc. 91 at 1-2.) In an abundance of caution, the court will construe these allegations as a collateral consequences argument and will hold that defendant's § 2255 motion is not moot.[3] With the foregoing in mind, the court will address defendant's arguments *seriatim*.

### A. Ineffective Assistance of Counsel Claim

Defendant's primary argument in the instant matter is that he received ineffective assistance of counsel, which led him to plead guilty instead of proceeding to trial. (See Doc. 91.) Defendant alleges that counsel committed a number of errors, including: (1) providing defendant with false information that led him to plead guilty (id. at 1-2); (2) tricking defendant into pleading guilty (id. at 1); (3) failing to advise defendant that he was not guilty based upon the facts of the case (id. at 5); and (4) failing to provide defendant with sufficient information to make a

---

[3] The court notes that defendant seeks to combine all of his post-conviction motions into one motion that he refers to as an "error of coram nobis motion and 28 USC 2225 [sic] motion." (Doc. 84 at 1.) If the court were to hold that defendant's § 2255 motion is moot, the court could construe the instant motion as pursuing coram nobis. See United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000) (writing "coram nobis has traditionally been used to attack convictions with continuing consequences when the prisoner is no longer 'in custody' for purposes of 28 U.S.C. § 2255"). This distinction is immaterial to the outcome of this motion because, as discussed infra, the record contradicts defendant's claims. In addition, proceeding under § 2255 is more favorable to defendant because the writ of error coram nobis is an "extraordinary" form of relief that is reserved for "exceptional circumstances." United States v. Osser, 864 F.2d 1056, 1059-60 (3d Cir. 1988).

voluntary plea (id. at 6).  A defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment must show that: (1) counsel's representation was objectively unreasonable,[4] and (2) counsel's deficient performance was prejudicial.[5] See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)).

At the outset, the court recognizes that a guilty plea "constitute[s] a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).  To overcome this presumption, defendant essentially argues that because of counsel's errors, his guilty plea was not voluntary and intelligent.[6]  See Bousley v. United States, 523 U.S. 614, 618 (1998) ("A plea of guilty

---

[4]  With regard to this first prong, the Third Circuit has noted:

> The Supreme Court . . . instructed that the proper measure of attorney performance is reasonableness under prevailing professional norms, . . . that judicial scrutiny of counsel's performance must be highly deferential, and that a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002) (internal quotations and citations omitted).

[5]  Under this second prong, a defendant claiming prejudice must show "that there is a reasonable probability, but for counsel's . . . errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

[6]  According to defendant, he "found out that he is not guilty when he was in prison."  (Doc. 91 at 5.)  It appears from the record that an attorney who was incarcerated with defendant convinced him that "no reasonable juror could have convicted him" based on the non-jurisdictional claims mentioned in Part II.C.  (Id.)

is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'") (citation omitted). The Third Circuit has not directly addressed the question of "whether counsel's error in advising a client regarding the collateral consequences of a guilty plea . . . is fundamental to that conviction such that it can constitute objectively unreasonable representation under the first prong of Strickland." United States v. Babalola, No. 06-3887, 2007 WL2745769, at *4 (3d Cir. Sept. 21, 2007). The court need not decide this unsettled question, however, because defendant cannot establish the second Strickland prong. See id.

Assuming *arguendo* that defendant can demonstrate that counsel's performance was objectively unreasonable under the first prong of the test enunciated in Strickland,[7] the court finds that defendant cannot satisfy the second prong by establishing prejudice. When a defendant pleads guilty and subsequently claims ineffective assistance of counsel, the Third Circuit has interpreted the

---

[7] The court will assume the truth of defendant's claims that counsel misinformed him and provided him with insufficient information that led him to plead guilty. The court notes, however, that defendant pled guilty to an exceptionally reduced charge, apparently to avoid the immigration consequences that would have accompanied a greater offense. (See Doc. 40 at 7-8 (asking the court to sentence defendant to a term of less than twelve months so that defendant would not be deported)). In defendant's current immigration proceeding, it appears that he is being charged with falsely claiming United States citizenship, not with the offense to which he pled guilty in the instant case. (See Doc. 91 at 1.) Defendant's conviction, therefore, did not directly result in his potential deportation. Contra United States v. Shaw, No. Crim. A. 99-525-01, Civ. A. 03-6759, 2004 WL 1858336 (E.D. Pa. Aug. 11, 2004) (finding ineffective assistance of counsel where counsel explicitly stated that defendant would not be deported if he pled guilty, and defendant was subsequently deported because his conviction fell under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for removal of any alien convicted of an aggravated felony).

prejudice prong to require the defendant to show a reasonable probability both that: (1) but for counsel's errors he would not have pled guilty but would have instead proceeded to trial, and (2) he would not have been convicted at trial. Babalola, 2007 WL2745769, at *4; see United States v. Nino, 878 F.2d 101, 105 (3d Cir. 1989).

Even if the court believes defendant that "[t]here is [a] 100 percent probability that [he] would have proceeded to trial [absent counsel's alleged errors]" (Doc. 91 at 6), the record is "replete with evidence of [defendant's] guilt," see Nino, 878 F.2d at 105. Defendant's sentencing memorandum (Doc. 40) states that defendant "accepted responsibility for his actions and pled guilty to the one count [] Information pursuant to a written plea agreement." (Id. at 2.) Defendant admitted, both in his sentencing memorandum and in open court, that he used a false social security number to apply for and receive financial aid for his education. (See id.; see also Aug. 30, 2005 Plea Hr'g Tr. at 22; Jan. 19, 2006 Sent. Hr'g Tr. at 23-24). Moreover, defense counsel acknowledged that defendant "gave a lengthy statement admitting to applying for and receiving loans and other benefits through the use of a false name and social security number." (Doc. 40 at 4.) In return for his plea, defendant received an extraordinary reduction in charge from a multi-count indictment containing multiple felonies to an information consisting of a single misdemeanor. (See Docs. 1, 33.) Had defendant gone to trial, there is a reasonable probability that he would have been found guilty and could have faced automatic deportation. See 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an

aggravated felony at any time after admission is deportable."). In sum, the court cannot conclude that defendant was prejudiced by his counsel's alleged errors, and his ineffective assistance of counsel claim must fail.

### B.     Due Process Claim

Defendant further argues that his due process right to a fair hearing was violated when the court did not advise him of the potential ramifications that a guilty plea could have on both his immigration status and his occupational license at his plea colloquy hearing. (Doc. 91 at 1-2.) The court finds this argument unavailing.

According to the United States Supreme Court: "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley, 523 U.S. at 618 (citation omitted). A plea is not intelligent unless a criminal defendant receives "real notice of the true nature of the charge against him." Id. (citation omitted). Furthermore, to ensure that a plea is voluntary and intelligent, the court must be certain that a defendant understands the direct consequences of a guilty plea. See Brady v. United States, 397 U.S. 742, 755 (1970). After a thorough review of the record, the court concludes that defendant's plea was voluntary and intelligent because defendant received real notice of the charge against him as well as the direct consequences of pleading guilty. Defendant's plea agreement contains sufficient notice of the theft of public monies charge, including the date of defendant's unlawful receipt of the money and the amount of money that defendant allegedly received. (See Doc. 33 ¶ 2.) The plea agreement also provides ample

notice concerning the procedure by which the court would sentence defendant. (See Doc. 33; see also Plea Hr'g Tr. at 10, 13-15.)  Finally, the plea agreement provided defendant with all of the potential direct consequences of his guilty plea, including: the maximum term of imprisonment, the maximum fine, the maximum term of supervised release, any assessments, denial of certain federal benefits, any potential restitution, and the consequences of breaching the plea agreement.  (See Doc. 33; see also Plea Hr'g Tr. at 11-16.)  Defendant was also advised of his rights, charges, and penalties in a hearing in open court, where the court established defendant's competence and the knowing and voluntary nature of his guilty plea. (Plea Hr'g Tr. at 23-24.)

     Defendant claims that he was not apprised of the ramifications of a guilty plea on his immigration status and his occupational license, but each of these reflects a potentially adverse collateral consequence of his guilty plea, not a direct consequence.  See Romero-Vilca, 850 F.2d at 179 ("A collateral consequence is one that is not related to the length or nature of the sentence imposed on the basis of the plea.") (citation omitted).  The sentencing court is not required to advise a defendant as to the collateral consequences of the plea in order to validate the plea

as voluntary and intelligent.[8]  See id. (holding that a sentencing court is not required to inform a defendant of potential deportation because such an action is a collateral consequence of a guilty plea); United States v. Crowley, 529 F.2d 1066, 1072 (3d Cir. 1976) (holding that a loss of one's job as a result of a felony conviction was a collateral consequence, of which the failure to inform would not invalidate a guilty plea); see also United States v. Cariola, 323 F.2d 180, 186 (3d Cir. 1963) (writing that imposing a burden on the sentencing court to inform a defendant of all possible collateral consequences of a guilty plea "would impose upon the judge an impracticable burden out of all proportion to the essentials of fair and just administration of the criminal laws").  Accordingly, the court finds defendant's due process claim without merit.

### C.   Non-Jurisdictional Claims

Defendant raises a number of non-jurisdictional claims in the instant motion to vacate his sentence.  (See Docs. 84, 91.)  Specifically, defendant alleges: (1) he

---

[8] Assuming *arguendo* that the sentencing court had been required to inform defendant of the collateral consequences of his plea, the court engaged in the following exchange during defendant's change of plea hearing:

> Q.  Mr. Dwumaah, do you understand that there are consequences and potential adverse ramifications to your guilty plea with respect to your current status in the United States and that there is a possibility in light of the representations that have been made by [the government] that this guilty plea . . . may be taken into consideration during your deportation proceedings?
> A.  Yes, Your Honor.

(Plea Hr'g Tr. at 12.)

could not have been charged for falsely claiming to be a United States citizen because the statute of limitations on the offense had run (Doc. 84 at 1), (2) the marital privilege should have been applied to exclude his wife's testimony (id. at 1-2), (3) his wife was coerced to testify against him (id. at 2), (4) the mail fraud charge should have been dismissed because no evidence of mailing was presented (id.), and (5) he only used the social security number that had been assigned to him to receive grants and loans (id. at 3). The court need not address each of these claims, however, because a guilty plea waives a defendant's right to challenge a conviction on any non-jurisdictional grounds other than the voluntariness of the plea. See United States v. Broce, 448 U.S. 563, 573-75 (1989); see also Woodward v. United States, 426 F.2d 959, 964 (3d Cir. 1970) ("A plea of guilty waives all non-jurisdictional defenses, whether these defenses be later raised in a § 2255 petition or a Rule 32(d) motion."); United States v. Ptomey, 366 F.2d 759, 760 (3d Cir. 1966) ("A plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt."); United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592, 595 (3d Cir. 1965) ("[A] voluntary and intentional plea of guilty on the advice of counsel constitutes a waiver to any objection of prior proceedings which may also include violation of defendant's rights."). Furthermore, a guilty plea "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations." Broce, 488 U.S. at 573 (citation omitted).

Assuming *arguendo* that defendant was permitted to assert the aforementioned non-jurisdictional defects, defendant's claims regarding the allegedly applicable false claims of United States citizenship statute and the initial mail fraud charge would be denied as moot because all remaining charges were dropped when defendant pled guilty to one count of theft of public monies under 18 U.S.C. § 641.[9] (See Doc. 33 ¶¶ 2-4.)  Therefore, the court finds that defendant's non-jurisdictional arguments are without merit.

## III. Conclusion

For the foregoing reasons, defendant's motion (Doc. 84) to vacate his sentence under 28 U.S.C. § 2255 will be denied.  An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       December 5, 2007

---

[9] Defendant's plea agreement states as follows:

> The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above and *will dismiss the remaining Counts in the Indictment* at the time of sentencing.

(Doc. 33 ¶ 4 (emphasis added); see also Sent. Hr'g Tr. at 33 ("[T]he government moves to dismiss our original indictment in the case.  It contains some 28 counts.")).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:05-CR-0157 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **KWAME DWUMAAH** | : | |

## ORDER

AND NOW, this 5th day of December, 2007, upon consideration of defendant's motion (Doc. 84) to vacate his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion (Doc. 84) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge