# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:05-CR-0157 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **KWAME DWUMAAH**, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 2nd day of June, 2010, upon consideration of the motion (Doc. 94) to vacate the conviction of defendant Kwame Dwumaah ("Dwumaah"), and Dwumaah's "supplemental" motion (Doc. 96) to vacate his conviction, and Dwumaah's "updated" motion (Doc. 98) to vacate his conviction, wherein Dwumaah claims that his court-appointed attorney "misinformed him that if he pled guilty . . . he would not be deported[,]"[1] (Doc. 94 at 1), and he argues that the court should

---

[1] Dwumaah pled guilty to theft of public monies, in violation of 18 U.S.C. § 641, after using a falsely-obtained social security number to apply for and receive student financial aid. Dwumaah avers that his attorney misinformed him that he would not be deported, and he claims to have "relie[d] upon his attorney['s] advice . . . which turns out to be wrong." (Doc. 94 at 1). He refers the court to ¶ 15 of his Sentencing Memorandum, wherein he requested that the court "sentence him to less than 12 months, thereby allowing [him] to remain in the country . . . ." (Doc. 40 at 8). This request was made in recognition of the fact that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable[,]" 8 U.S.C. § 1227(a)(2)(A)(iii), and that "aggravated felony" is defined to include "a theft offense . . . for which the term of imprisonment is at least one (1) year[,]" 8 U.S.C. § 1101(a)(43)(G). Thus, Dwumaah would have been automatically deported if the court had sentenced him to 12 or more months of imprisonment. (Doc. 40 ¶¶ 12-14). The court sentenced Dwumaah to five months in prison, and therefore, he was not removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Nevertheless, an Immigration Judge found that, because Dwumaah falsely claimed United States citizenship on his applications for student loans, he was removable under 8 U.S.C. § 1227(a)(3)(D). See 8 U.S.C. § 1227(a)(3)(D)(i) ("Any alien who falsely represents, or has falsely represented, himself to be a citizen of the United States . . . is deportable.").

vacate his guilty plea, on the basis of ineffective assistance of counsel, under Padilla v. Kentucky,² ____ U.S. ____, 130 S. Ct. 1473 (2010), (see generally Docs. 94, 96, and 98), and on the basis of an alleged violation of his right to due process, (see Doc. 98 at 5-6), and upon further consideration of Dwumaah's motion (Doc. 95) for appointment of counsel, and the court noting that, if it construes the pending motions as petitions under 28 U.S.C. § 2255, then they are barred,³ see United

---

² Dwumaah cites Padilla v. Kentucky for the statement that an alien who is "grossly misinformed" about the consequences of entering a guilty plea, and who "relies upon that information[,]" has been "deprived of his constitutional right to counsel." 130 S. Ct. 1473 at 1494; (see Doc. 94 at 2, Doc. 98 at 4). The quoted language, however, is not part of the Supreme Court's holding in Padilla. It is a quotation from Strader v. Garrison, 611 F.2d 61, 65 (4th Cir. 1979), which was one of several Circuit Court decisions quoted in footnote 4 of Justice Alito's concurring opinion in Padilla, to demonstrate that "several other Circuits have held that affirmative misadvice concerning nonimmigration consequences of a conviction can violate the Sixth Amendment even if those consequences might be deemed 'collateral.'" Id. at 1493.

The Supreme Court's holding in Padilla might be more accurately summarized as follows: in order to avoid constitutionally deficient representation, a criminal defendant's attorney must inform her client when a risk of deportation would accompany a criminal conviction. Id. at 1482. Moreover, "when the deportation consequence [of a conviction] is truly clear, . . . the duty to give correct advice is equally clear." Id. at 1483. The Padilla found constitutionally deficient representation, but it did not reach the question of prejudice, which is the second requirement of a claim of ineffective assistance of counsel. Id. at 1486-87; see also infra, note 4.

³ Dwumaah does not explicitly characterize or label the pending motion as a petition for habeas corpus relief under 28 U.S.C. § 2255, but claims of ineffective assistance of counsel are best brought in actions under 28 U.S.C. § 2255. See United States v. Morena, 547 F.3d 191, 198 (3d Cir. 2008). Dwumaah has already filed a motion under § 2255, however, (see Docs. 84, 93), and he would not be permitted to file a second one without authorization from a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h); R. Governing § 2255 Cases R. 9.

The court notes that Dwumaah could, alternatively, pursue a writ of error coram nobis to attack his conviction, but this is an "extraordinary" form of relief, used only to correct errors "of the most fundamental character." United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988).

2

States v. Lilly, 536 F.3d 190, 194 n.2 (3d Cir. 2008) (noting that "second or successive" motions under § 2255 are barred "absent exceptional circumstances and certification by the appropriate court of appeals[.]"), and the court concluding that Dwumaah's motions also fail on the merits, because they do not establish either a viable claim of ineffective assistance of counsel,[4] or a viable due process

---

[4] In order to prevail on a claim of ineffective assistance of counsel, Dwumaah must establish both (1) a constitutional deficiency in his attorney's representation and (2) prejudice. See Padilla, 130 S. Ct. at 1482 ("Under Strickland [v. Washington, 466 U.S. 668 (1984)], we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"). After considering Dwumaah's allegations, the court finds that, while they may suffice to show constitutionally deficient representation under Padilla, they fail to show prejudice. Dwumaah's claim of ineffective assistance is therefore not viable.

Dwumaah claims that, if he had known that his guilty plea would make him removable, "he would have gone to trial instead of pleading guilty." (Doc. 98 at 5). Dwumaah also states that he was prejudiced, (Doc. 98 at 5), and argues that "had [he gone] to trial, it was highly probable that [he would have been] acquitted by a jury," (id.). However, such conclusory assertions do not *show a reasonable probability* that the result of the proceedings would have been different in the absence of his attorney's alleged error. See United States v. Babalola, 248 F. App'x 409 (3d Cir. 2007) ("In the guilty plea context, this court has interpreted Strickland's prejudice prong to require the defendant to show a reasonable probability *both* that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial,' *and* that had he not pleaded guilty he would not in any event have been convicted at trial." (emphasis in the original) (internal citations omitted)), United States v. Nino, 878 F.2d 101, 105 (3d Cir. 1989); see also Strickland, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Dwumaah also states, in a conclusory manner, that his marriage was bona fide, (see Doc. 96 at 3; Doc. 98 at 7), presumably in an effort to assert legitimate citizenship. The record is nevertheless "replete with evidence" of Dwumaah's guilt of theft of public monies, as the court noted when it denied Dwumaah's earlier § 2255 motion. (Doc. 93 at 7). Hence, it is probable that a jury would have found Dwumaah guilty, and Dwumaah would have faced deportation—if not under 8 U.S.C. § 1227(a)(3)(D), then under 8 U.S.C. § 1227(a)(2)(A)(iii). See supra note 1. Therefore, Dwumaah has not made the required showing of prejudice.

3

claim,[5] and the court further concluding that Dwumaah has failed to establish his

---

[5] Dwumaah's due process claim arises from allegations that "the court failed to advise him of the potential ramification that a guilty plead [sic] could have on his immigration status[,]" that "the Prosecutor" misinformed him that "it is not a guaranteed [sic] that [he] will be deported[,]" and that he relied upon that misinformation. (See Doc. 98 at 6). These allegations fail to establish that a due process violation occurred.

In ruling on Dwumaah's earlier § 2255 petition, the court has already considered and rejected a similar argument. (Doc. 93 at 8-10). As the court previously noted, due process does not require that a sentencing court advise a defendant of adverse collateral or indirect consequences of pleading guilty. See Jamison v. Klem, 544 F.3d 266, 278 (3d Cir. 2008) (quoting Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir. 1995)). A guilty plea comports with the due process clause when it was voluntarily and intelligently made, and it "will not be found to be unknown and involuntary in the absence of proof that the defendant was not advised of, or did not understand, the direct consequences of his plea." Parry, 64 F.3d at 113-114. No due process violation is apparent in Dwumaah's allegations that he was not informed, or was misinformed, of the immigration-related effects, because these are collateral consequences, not direct consequences, of his guilty plea. See Jamison, 544 F.3d at 278 (quoting Parry, 64 F.3d at 114, for the holding that "the only consequences considered direct are the maximum prison term and fine for the offense charged.").

The court acknowledges that the Supreme Court recently opined in Padilla that "[d]eportation as a consequence of a criminal conviction is . . . uniquely difficult to classify as either a direct or a collateral consequence." 130 S. Ct. 1482. However, the Padilla Court made that statement in the context of considering how to evaluate a claim of ineffective assistance of counsel, where counsel fails to advise a defendant of deportation issues. Thus, although the Court rejected "[t]he collateral versus direct distinction" in that context, its holding does not compel this court to abandon that distinction in the context of a due process claim. The court is not persuaded that Dwumaah has shown that a violation of due process occurred.

4

entitlement to appointed counsel to represent him in his motion to vacate,[6] it is hereby ORDERED that the motions (Doc. 94, 95, 96, and 98) are DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[6] The court has the authority to grant a request for counsel from a habeas petitioner, see 18 U.S.C. § 3006A(a)(2) ("Whenever the . . . court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."), or from an indigent *pro se* litigant, see 28 U.S.C. § 1915. The relevant factors governing the court's inquiry under both statutes are essentially identical. Compare Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991) (holding that "the district court must first decide if the petitioner has presented a nonfrivolous claim"), with Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (explaining that a court's first inquiry must focus on whether the claims appear meritorious). As explained supra, notes 4 and 5, Dwumaah has failed to show that his claims have merit. Therefore, the court will deny his motion (Doc. 95) for appointment of counsel.