# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0157** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **KWAME DWUMAAH**, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 5th day of August, 2010, upon consideration of the motion (Doc. 105) to "reopen the court decision entered on June 2, 2010[,]" filed by defendant Kwame Dwumaah ("Dwumaah"), and it appearing that Dwumaah requests that the court reconsider its order dated June 2, 2010, wherein the court denied Dwumaah's motions (Docs. 94, 96, and 98) to vacate his conviction, and it further appearing that the pending motion for reconsideration is untimely, see L.R. 7.10 ("Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned."), and the court finding that Dwumaah's arguments are without merit,[1]

---

[1] Dwumaah reiterates the arguments that he raised in his motions (Docs. 94, 96, and 98) to vacate his conviction. The court has already disposed of these issues in its order dated June 2, 2010 (Doc. 100), and therefore, they warrant no further discussion here. Dwumaah also argues that the court should have construed his motion to vacate his conviction as a motion seeking a writ of error coram nobis, not as a habeas corpus petition under 28 U.S.C. § 2255. In ruling on Dwumaah's motions to vacate his conviction, however, the court *did* consider the fact that Dwumaah could pursue a writ of error coram nobis, rather than habeas corpus relief. (See Doc. 100, n.3). The court concluded that the motion failed on the merits, (see id. n.4, n.5), regardless of whether it was construed as a motion for a writ of error coram nobis or as a § 2255 motion. The pending motion has not persuaded the court that this conclusion was erroneous.

and the court concluding that Dwumaah has failed to show that reconsideration of the order in question is warranted, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."), Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (noting that a party may not invoke a motion for reconsideration "'as a means to reargue matters already argued and disposed of' or as an attempt to relitigate 'a point of disagreement between the Court and the litigant.'" ), Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting a litigant's "classic attempt at a 'second bite at the apple'"), it is hereby ORDERED that the motion (Doc. 105) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge