# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:05-CR-0157 |
| v. : | **(Judge Conner)** |
| **KWAME DWUMAAH**, : | |
| **Defendant** : | |

## MEMORANDUM

Presently before the court is the government's motion for reconsideration of the court's order (Doc. 139) granting defendant Kwame Dwumaah's ("Dwumaah") petition for writ of error *coram nobis* (Doc. 114) and vacating his conviction. For the reasons set forth below, the court will grant the motion and reinstate Dwumaah's conviction.

## I. Background[1]

Dwumaah is not a United States citizen. On August 30, 2005, Dwumaah pleaded guilty to one count of Theft of Public Monies in violation of 18 U.S.C. § 641 pursuant to a one count misdemeanor information. (Doc. 32; Doc. 33; Doc. 37). Following his guilty plea, the United States Department of Homeland Security amended prior deportation proceedings against him to include additional grounds for removal, including falsely claiming United States citizenship under 8 U.S.C. § 1227(a)(3)(D)(i). (Doc. 94-2, at 5). Ultimately, an immigration judge determined

---

[1] The facts in this case are well delineated in prior opinions. (See Doc. 116, 139). The court will recount only those facts necessary for the disposition of the instant motion.

that Dwumaah was not removable under the government's original charge but was removable under the amended charge of falsely claiming United States citizenship. (Id.) The immigration judge noted that Dwumaah's guilty plea did not necessarily establish Dwumaah as removable for falsely claiming United States citizenship, but the plea appears to be the chief piece of circumstantial evidence used in the case against Dwumaah. See *In re* Kwame Dwumaah, File AO 75 462 772, 2010 WL 1975978 at *1 (B.I.A. Apr. 29, 2010).

Beginning on September 18, 2007, Dwumaah filed several unsuccessful post-conviction motions, wherein he alleged that his counsel did not fully inform him of the deportation consequences of his guilty plea. (See Docs. 71, 79, 84, 93, 94, 100). On September 6, 2011, Dwumaah filed a petition for a writ of error *coram nobis* (Doc. 114), seeking to vacate his sentence in light of Padilla v. Kentucky, 559 U.S. 356 (2010) and United States v. Orocio, 645 F.3d 630 (3d Cir. 2011). Dwumaah alleged that his counsel failed to inform him that he would be deported if he pleaded guilty, and that had he known of the certainty of deportation, he would have rejected the plea bargain. On August 20, 2012, the court held that Dwumaah's allegations of ineffective assistance of counsel may provide an appropriate basis for a writ of error *coram nobis* and ordered an evidentiary hearing to determine the truth of Dwumaah's allegations. (Doc. 116).

After the evidentiary hearing (Doc. 133), the court found that, pursuant to Padilla and Orocio, Dwumaah's counsel unconstitutionally failed to advise Dwumaah that the offense to which he ultimately pleaded guilty would result in

2

automatic removal from the United States and that such errors were prejudicial. (Doc. 139). Thus, on February 1, 2013, the court granted Dwumaah's petition for writ of error *coram nobis* and vacated his conviction. (Id.) In the court's opinion, it noted that the Supreme Court had recently heard arguments in Chaidez v. United States, 133 S. Ct. 1103 (2013) on whether the holding in Padilla applies retroactively to defendants, like Dwumaah, whose convictions became final before its announcement. (Doc. 139, at 5 n.2). The court reasoned that pending the Supreme Court's decision, it was bound by the Third Circuit's opinion in Orocio, which concluded that Padilla is retroactively applicable to such defendants. (Id.)

On February 20, 2013, the Supreme Court decided Chaidez. The Court held that Padilla announced a "new rule" and that, pursuant to the Court's holding in Teague v. Lane, 489 U.S. 288 (1989), it was not retroactively applicable to cases on collateral review. Chaidez, 133 S. Ct. at 1107. Thus, Chaidez effectively reversed Orocio. Id. at 1107 n.2.

The next day, the government filed the instant motion for reconsideration of the court's order vacating Dwumaah's conviction. (Doc. 141). The government contends that in light of the Court's opinion in Chaidez, the court must reconsider and deny Dwumaah's petition because his conviction became final before the Court's holding in Padilla. (Id.) The motion is fully briefed and ripe for disposition.

3

**II.     Discussion**

In contesting the government's motion for reconsideration in light of the Supreme Court's holding in Chaidez, Dwumaah does not dispute that his conviction became final before Padilla. Rather, he asserts that the government's motion is untimely pursuant to Local Rule 7.10. In addition, Dwumaah avers that Teague's retroactivity bar applies only to post conviction filings from state prisoners – not federal. (Doc. 142). The court will address these arguments *seriatim*.

**A.     Timeliness**

Dwumaah argues that the government did not timely file a motion for reconsideration pursuant to Local Rule 7.10. Local Rule 7.10 requires that motions for reconsideration or reargument be filed within fourteen days of the entry of the order at issue. L.R. 7.10. This rule does not apply to motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Id. The court construes the government's motion for reconsideration as a motion under Rule 59(e). Thus, it is timely.

The court notes that the Federal Rules of Criminal Procedure do not explicitly contemplate motions for reconsideration. See United States v. Cabrera, 699 F.Supp. 2d 35, 40 (D.D.C. 2009); United States v. Randall, 666 F.3d 1238, 1241-42 (10th Cir. 2011). Nevertheless, the Supreme Court has "recognized the appropriateness" of motions for reconsideration in criminal cases, United States v. Healy, 376 U.S. 75, 78 (1964), and has acknowledged the "wisdom of giving district

4

courts the opportunity promptly to correct their own alleged errors." United States v. Dieter, 429 U.S. 6, 8 (1976).

Without an explicit standard for motions for reconsideration under the Federal Rules of Criminal Procedure, federal courts have examined the timeliness of motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). See United States v. Fiorelli, 337 F.3d 282 (3d Cir. 2003) (applying the time limitations of Rule 59(e) and 60(b) in a motion for reconsideration of the denial of a § 2255 motion); see also United States v. Martin, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (the time limitation for filing a motion for reconsideration of the denial of a § 2255 motion is governed under Rule 59(e)); United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993) (concluding that a motion to reconsider a § 2255 ruling is and should be treated as a Rule 59(e) motion if filed within the rule's time limit; if filed thereafter, the motion should be considered a Rule 60(b) motion); United States v. Cabrera, 699 F.Supp.2d 35, 40 (D.D.C. 2010) (applying Rule 59(e) legal standard to defendant's motion for reconsideration).

Rule 59(e) governs motions to alter or amend judgments, and the court construes the government's motion for reconsideration as a Rule 59(e) motion. Dwumaah's timeliness argument is rejected because Local Rule 7.10 does not apply to motions for reconsideration filed pursuant to Rule 59(e). See L.R. 7.10 ("This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ. P. 59."). Therefore, the government had twenty-eight days to file its motion for reconsideration. See FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment

5

must be filed no later than [twenty-eight] days after the entry of the judgment.").
The government filed its motion for reconsideration twenty days after the court's
February 1, 2013 order, well within the twenty-eight day deadline. The motion was
timely under Rule 59(e).

**B.     Application of Teague to Federal Convictions**

Dwumaah further argues that Supreme Court's decision in Chaidez is not
controlling because it applies the Court's earlier analysis in Teague. (Doc. 142 at 3).
Dwumaah emphasizes that Teague only explicitly applies to collateral challenges by
state – not federal – prisoners. (Doc. 142 at 5) (citing Teague, 489 U.S. at 327 n.1
(Brennan, J. dissenting) (noting that the Court "does not address whether the rule
it announces today extends to claims brought by federal, as well as state,
prisoners")). Hence, Dwumaah argues that Chaidez is inapplicable to the matter
*sub judice* which is a challenge to a federal conviction.

In Chaidez, the petitioner, a Mexican native, pleaded guilty to two counts of
mail fraud under 18 U.S.C. § 1341. Chaidez, 133 S. Ct. at 1105-06. Her federal
convictions became final in 2004. Id. Immigration officials initiated removal
proceedings against her in 2009. To avoid removal, the petitioner sought to
overturn her federal conviction by filing a writ of *coram nobis*. She argued that her
attorney's failure to apprise her of the immigration-related consequences of her
guilty plea deprived her of effective assistance of counsel under Padilla. Id.

The Chaidez Court applied Teague in resolving whether Padilla applied retroactively to the petitioner's case. Id. at 1107. The Court determined that Padilla was not retroactive, as it constituted a new rule under Teague. Id. at 1113. Importantly, all of the Justices save Justice Thomas analyzed the retroactivity of Padilla under Teague. Id. at 1113 (Thomas, J., dissenting) ("I continue to believe that . . . the Sixth Amendment does not extend – either prospectively or retrospectively – to advice concerning the collateral consequences arising from a guilty plea. I, therefore, believe that the Teague analysis is unnecessary and thus concur only in the judgment."); id. (Sotomayor, J., dissenting) ("The majority correctly sets forth the governing legal principles under Teague and Strickland."). None of the Justices contended that Teague only applies to collateral challenges by state prisoners.

The facts of Chaidez are virtually indistinguishable from the facts of the instant case. Like the petitioner in Chaidez, Dwumaah is not a U.S. citizen, pleaded guilty to a federal crime rendering him removable from the country prior to the decision in Padilla, and filed a writ of *coram nobis* to challenge his federal conviction in order to avoid removal. Thus, the Supreme Court's application of Teague in analyzing the retroactivity of Padilla under identical material facts controls this court's decision. The court is bound by Supreme Court precedent and must apply Chaidez absent a material distinction. No such distinction exists.

7

The Court in Chaidez declined to address the specific question of whether Teague applies to federal convictions only because the issue was not properly preserved on appeal. Chaidez, 133 S. Ct. at 1113 n. 16. However, the Supreme Court has previously noted in *dicta* that "the text and reasoning of Justice O'Connor's opinion [in Teague] also illustrate that the rule was meant to apply only to federal courts considering habeas corpus petitions challenging state-court criminal convictions." Danforth v. Minnesota, 552 U.S. 264, 279 (2008).

Ample authority supports the Supreme Court's application of Teague in the context of a collateral challenge to a federal conviction. In addition to Chaidez, many federal courts have applied the Teague retroactivity analysis to challenges to federal convictions. Indeed, the court is unaware of a single case in which a court has declined to do so. See e.g. United States v. Amer, 681 F.3d 211 (5th Cir. 2012) (holding that Padilla constitutes a new rule under Teague and barring relief under Padilla to petitioner accused of federal crime); United States v. Chang Hong, 671 F.3d 1147 (10th Cir. 2011) (holding that Padilla announced a new rule of constitutional law falling under neither of the two exceptions to Teague, and thus, does not apply retroactively to petitioner's challenge to federal conviction); Orocio, 645 F.3d 630 (holding that Padilla does not constitute a new rule under Teague and applies retroactively to petitioner's challenge to federal conviction); Valentine v. United States, 488 F.3d 325 (6th Cir. 2007) (applying Teague in determining retroactive effect of United States v. Booker, 543 U.S. 220 (2005) with regard to federal prisoner's collateral challenge to conviction); see also Gilberti v. United

States, 917 F.2d 92, 94 (2d Cir. 1990) (stating that "[t]he general principle of nonretroactivity on collateral review is not limited to state convictions.").

Notably, the Seventh Circuit in Van Daalwyck v. United States, 21 F.3d 179 (7th Cir. 1994), specifically applied Teague to federal convictions after the petitioner averred that Teague applied only to state convictions. The Seventh Circuit found that "it is 'clear that § 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" Id. at 183. The Seventh Circuit concluded that "to allow federal prisoners on collateral review the benefit of a new rule unavailable to similarly situated state prisoners is simply inequitable . . . ." Id.

Moreover, the jurisprudential foundation upon which Teague was constructed abjures any distinction between state and federal prisoners seeking collateral relief. Justice O'Connor's reasoning in Teague is based on two of Justice Harlan's opinions that failed to differentiate between collateral challenges to state and federal convictions. See Teague, 489 U.S. at 310 ("[W]e now adopt Justice Harlan's view of retroactivity for cases on collateral review."); see also Danforth, 552 U.S. at 277 ("[T]he opinions of Justice Harlan . . . provided the blueprint for her entire analysis [in Teague]"). Justice Harlan's opinions are: Desist v. United States, 394 U.S. 244 (1969), and Mackey v. United States, 401 U.S. 667 (1971). In Desist, Justice Harlan expressed his belief that new rules should be fully retroactive on direct review, but on collateral review, "the habeas court need only apply the constitutional standards that prevailed at the time the original proceedings took place." 394 U.S. at 263 (dissenting). In Mackey, he expanded on this proposed rule.

9

Mackey, 401 U.S. at 675-702. Justice Harlan explicitly viewed state and federal collateral challenges as the same for the purposes of retroactivity principles. Id. at 681-682, n.1 ("I do not propose to make any distinction, for retroactivity purposes, between state and federal prisoners seeking collateral relief . . . .").

## IV. Conclusion

For the foregoing reasons, the court shall grant the government's motion (Doc. 141) and deny Dwumaah's petition for writ of error *coram nobis* (Doc. 114). An appropriate order follows.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:      March 27, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:05-CR-0157 |
|---|---|---|
| v. | : | (Judge Conner) |
| KWAME DWUMAAH, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 27th day of March, 2013, upon consideration of the government's motion (Doc. 141) for reconsideration of the court's February 1, 2013 order (Doc. 139) granting defendant Kwame Dwumaah's ("Dwumaah") petition for writ of error *coram nobis* (Doc. 114) and vacating and setting aside his conviction, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The government's motion (Doc. 141) for reconsideration is GRANTED.

2. The court's order (Doc. 139) granting Dwumaah's petition for writ of error *coram nobis* is VACATED. His conviction is REINSTATED.

2. Kwame Dwumaah's petition for writ of error *coram nobis* (Doc. 114) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge